UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> RYAN SEIDEMAN, <br> Defendant. | NO. CR-09-005-RHW <br><br> **ORDER ON DEFENDANT'S MOTIONS TO GRANT GOOD CAUSE** |

Before the Court are Defendant's Motions to Grant Good Cause to file various pretrial motions (Ct. Recs. 319, 330, and 334). A telephonic hearing on these motions was held on July 12, 2010. The Government was represented by Assistant United States Attorney Jill Bolton; Defendant was represented by Steven Hormel.

## PROCEDURAL HISTORY

This matter was initiated by a criminal complaint filed on January 14, 2009, and trial was originally set for March 30, 2009. On February 25, 2009, Defendant moved to continue the trial and extend the pretrial motion deadline (Ct. Rec. 43). The Court granted that motion and extended the pretrial motion deadline to August 10, 2009 (Ct. Rec. 51). Defendant again moved to continue, and the Court again extended the motion deadline to October 16, 2009 (Ct. Rec. 54). Defendant moved for a third continuance on October 5, 2009; the Court granted it and continued the motion deadline to January 29, 2010 (Ct. Rec. 77). Defendant moved for a fourth continuance on January 8, 2010; the Court granted it and continued the motion deadline and the deadline to disclose expert witnesses to June 15, 2010 Ct. Rec. 119). In the interim, the Court directed Defendant to file his anticipated motions

**ORDER ON DEFENDANT'S MOTIONS TO GRANT GOOD CAUSE** * 1

setting forth defenses under Fed. R. Crim. P. 12(b)(3) by April 20, 2010 (Ct. Rec. 163). On June 11, 2010, Defendant moved to extend the pretrial motion deadline for a total of three days (Ct. Rec. 258). Over the Government's objection, the Court granted the motion and extended the deadline to June 18, 2010 (oral ruling on June 14, 2010). On June 19, 2010, Defendant moved for leave to delay disclosing his expert witnesses pending the Court's ruling on two pretrial motions (Ct. Rec. 289). In a telephonic hearing on this motion on June 28, 2010, Defendant stated his desire to file yet more pretrial motions. The Court directed Defendant to show good cause in writing why such late filings should be permitted (Ct. Rec. 311).

The case is currently set for trial on September 27, 2010. A pretrial conference is set for July 28, 2010, at which numerous motions are already set to be heard.

## STANDARD OF REVIEW

Fed. R. Crim. P. 12 permits the Court to set and enforce deadlines for pretrial motions. A party waives any 12(b)(3) defense, objection, or request not made by this deadline, but the Court may grant relief from waiver upon a showing of good cause. "The decision whether to grant an exception to a Rule 12 waiver lies in the discretion of the district court." *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003). Defendant bears the burden of showing why the Court should permit a late filing, and must provide a "legitimate explanation" for his failure to comply with pretrial deadlines. *United States v. Davis*, 663 F.2d 824, 831 (9th Cir. 1981); *compare United States v. Gonzales*, 749 F.2d 1329, 1336 (9th Cir. 1984) (affirming a district court's denial of leave to file an untimely motion where the only cause shown was defendant's "belated decision to change trial tactics") *with United States v. Mulder*, 889 F.2d 239, 240 (9th Cir. 1989) (recognizing that an intervening change in the law constitutes good cause for late filing of a motion to suppress).

## ANALYSIS

**ORDER ON DEFENDANT'S MOTIONS TO GRANT GOOD CAUSE** * 2

**Motion to Grant Good Cause to File Motions to Dismiss**

Defendant asks the Court to consider two Motions to Dismiss: for misconduct before the grand jury (Ct. Rec. 313), and for lack of personal jurisdiction based on misconduct in tribal extradition (Ct. Rec. 316). As motions alleging defects in instituting the prosecution, these are motions that must be made before trial under Fed. R. Crim. P. 12(b)(3)(A).

Both of these motions stem from Defendant's argument that the lead case agent in this matter, Special Agent Wesley Floyd, committed misconduct before the grand jury in helping the Government obtain an indictment, and before the magistrate in helping support an arrest warrant. Defendant relies heavily on the Court's analysis of the facts in its order granting Defendant's first motion to suppress (Ct. Rec. 299). That order found that the affidavit submitted in support of the arrest warrant contained reckless misrepresentations of fact that rendered the warrant invalid.

Defendant attempts to show good cause by first pointing out that he did not receive the transcript of Agent Floyd's testimony to the grand jury until June 9, 2010, the day before the Court held a *Franks* hearing on the arrest warrant affidavit. Defendant's only other justification for the late filings is that he used "information" from the Court's order granting the motion to suppress in support of both motions to dismiss.

The Court finds that these explanations do not amount to good cause to hear the untimely motions. First, the procedural history recited above establishes that Defendant has had ample opportunity to file numerous pretrial motions since the inception of this case. Defendant has sought and obtained five extensions of time to file pretrial motions. Most recently, Defendant moved for and was granted an extension of three days to file yet more motions. Nonetheless, Defendant failed to move for an additional extension before the June 18, 2010, deadline passed, and in fact did not move for leave to file additional motions until after the Court directed

**ORDER ON DEFENDANT'S MOTIONS TO GRANT GOOD CAUSE** * 3

him to do so on June 28, 2010.

As for the motion to dismiss for misconduct before the grand jury, the legal substance of this motion was set out in Defendant's motion to produce the grand jury transcripts, filed on May 6, 2010. Defendant received the transcript on June 9, 2010, and made use of it during his examination of Agent Floyd on June 10, 2010. Yet despite having knowledge by at least June 9, 2010, of both the law and facts upon which the motion to dismiss is based, Defendant failed to file the motion by the deadline and failed to move for leave to file the motion until well after the deadline had passed.

Second, the Court is unpersuaded by Defendant's argument that the Court's order granting the motion to suppress was somehow necessary to the motions to dismiss. Both motions are based primarily on facts that were known to Defendant at least fourteen months ago after the Government completed the bulk of its discovery production in February 2009. The Court's order granting the motion to suppress merely accepted arguments that Defendant had presented as early as April 2010, but that fact does not explain why Defendant could not have filed these motions (or at least sought an extension to do so) well before the deadline.

Third, the Court finds that both motions to dismiss appear unlikely to succeed on the merits. The first motion depends on a finding that Agent Floyd perjured himself before the grand jury. *See United States v. Basurto*, 497 F.2d 781, 785 (9th Cir. 1974). Defendant's motion is limited to the record before the Court now, which the Court has already found establishes no more than that Agent Floyd recklessly misrepresented facts, far from the kind of intentional act required to take the "drastic" and "disfavored" step of dismissing the indictment. *United States v. Reed*, 575 F.3d 900, 921 n. 15 (9th Cir. 2009). Moreover, the Court's prior analysis was limited to the evidence Agent Floyd cited in support of his affidavit, while his testimony to the grand jury might well be based on evidence outside of the affidavit. Thus, determining whether Agent Floyd committed perjury during that

**ORDER ON DEFENDANT'S MOTIONS TO GRANT GOOD CAUSE** \* 4

testimony would likely require an additional evidentiary hearing, yet Defendant has failed to make a showing sufficient to justify such a hearing. As for the second motion to dismiss, the Court's finding that Agent Floyd recklessly misrepresented facts does not approach the level of shocking and outrageous conduct sufficient to deprive the Court of personal jurisdiction over Defendant. *See United States v. Anderson*, 472 F.2d 662, 666 (9th Cir. 2006).

Finally, the Court finds that the Government and the Court would suffer prejudice by permitting the motions to be heard. The current pretrial conference and motion hearing would have to be continued, and the orderly trial preparation of the Government and the Court would be delayed. Defendant's recently filed motions are like a "belated decision to change trial tactics," *Gonzales*, 749 F.2d at 1336, unreasonably wasting the resources of both the Government and the Court.

For the foregoing reasons, the Court denies Defendant's Motion to Grant Good Cause, and strikes both Motions to Dismiss.

## Motion to Grant Good Cause to File Motion in Limine and Motion for Pretrial *Daubert* Determination

Defendant first asks the Court to exclude certain DNA evidence on the grounds that it is irrelevant, confusing, and prejudicial. Defendant also asks the Court to hold a pretrial *Daubert* hearing to determine the admissibility of the Government's proffered DNA expert testimony. Unlike the motions to dismiss, these motions need not be brought before trial, but could be brought at the time the Government seeks to admit the evidence in question. Therefore, the Court grants the motion for good cause and will consider these two motions.

The Court finds that both motions are not yet ripe at this time. The motion in limine depends on a determination of relevance that cannot be made in a vacuum, but can only be made in the context of trial based on the evidence adduced to that point. Therefore, this motion is denied with leave to renew.

With respect to the second motion, the Government bears the burden of

**ORDER ON DEFENDANT'S MOTIONS TO GRANT GOOD CAUSE * 5**

laying a sufficient foundation for any expert testimony it proffers at trial. Fed. R. Evid. 702. However, there is no requirement that this process take place before trial. *United States v. Alatorre*, 222 F.3d 1098, 1105 (9th Cir. 2000). Here, Defendant has proffered no experts of his own that would call into question the Government's proffered testimony and require a more extensive *Daubert* determination. Rather, Defendant apparently intends only to voir dire the Government's expert, a procedure that can easily be conducted at trial. Just as in *Alatorre*, if voir dire at trial turn turns up any significant issues, the Court may allow further questioning outside of the jury's presence. *Id.* Therefore, this motion is denied.

**Motion to Grant Good Cause to File Notice of Expert for Shoe Size**

The Court denied this motion at the hearing on July 12, 2010. This order memorializes that oral ruling.

Defendant seeks to retain an expert on shoe size and to disclose that expert's report after it is obtained. At issue is a bloody shoe print found in the victim's residence that Defendant believes is too large to be his. As set forth above, the deadline to disclose experts passed on June 15, 2010.

Defendant's primary argument in support is that he did not receive "natural size" photographs of the shoe print until June 18, 2010. At the hearing, the Court personally compared these natural size photographs with earlier produced discovery, and found the natural size photographs substantially identical to photographs produced by the Government more than fourteen months ago.

Defendant also argues that he believed the Government may have withheld additional information regarding shoe size, and he was waiting to determine whether the Government would disclose its own shoe size expert. However, these arguments do not justify Defendant's failure to develop what amounts to affirmative, exculpatory evidence, especially considering the lengthy procedural history set forth above.

**ORDER ON DEFENDANT'S MOTIONS TO GRANT GOOD CAUSE * 6**

1  For these reasons, the motion is denied.

2  Accordingly, **IT IS HEREBY ORDERED:**

3  1. Defendant's First Motion to Grant Good Cause to File First and Second Motions to Dismiss Indictment (Ct. Rec. 319) is **DENIED**.

2. Defendant's First Motion to Dismiss Case with Prejudice for Misconduct Before the Grand Jury (Ct. Rec. 313) and Second Motion to Dismiss Case with Prejudice for Lack of Personal Jurisdiction for Misconduct in Tribal Extradition (Ct. Rec. 316) are **STRICKEN**.

3. The Government's Motion to Expedite Hearing (Ct. Rec. 322) is **GRANTED.** The Government's Motion for Extension to Time to File Responses to Motions to Dismiss (Ct. Rec. 321) is **DENIED as moot.**

4. Defendant's Motion to Grant Good Cause to File Motion in Limine and Motion for Pretrial *Daubert* Determination (Ct. Rec. 330) is **GRANTED.**

5. Defendant's Motion in Limine to Exclude Evidence Under FRE 401, 402, and 403 (Ct. Rec. 324) is **DENIED with leave to renew**.

6. Defendant's Motion for Pretrial Determination of *Daubert* Foundation for Admission of Scientific DNA Evidence (Ct. Rec. 327) is **DENIED.**

7. Defendant's Motion for Leave to Delay Filing Expert Witness Notices for Trial (Ct. Rec. 289) and Motion to Grant Good Cause to File Notice of Expert for Shoe Size (Ct. Rec. 334) are **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 13th day of July, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2009\Seideman\goodcause.ord.wpd

**ORDER ON DEFENDANT'S MOTIONS TO GRANT GOOD CAUSE** * 7