UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RYAN SEIDEMAN,<br><br>  Defendant. | NO. CR-09-005-RHW<br><br>**ORDER DENYING POST-TRIAL MOTIONS** |

Before the Court are Defendant's Motion for Judgment of Acquittal (ECF No. 566); Defendant's Motion for New Trial Based on Newly Discovered Evidence (ECF No. 569); Defendant's Motion to Dismiss Case for Constructive Amendment or Prejudicial Variance of Proof at Trial (ECF No. 572); Motion for New Trial Based on Other Grounds Pursuant to Rule 33(b)(2) (ECF No. 575). A hearing on the motion was held on April 20, 2011. Defendant was present and represented by Stephen Hormel. The Government was represented by Jill Bolton.

**1.    Defendant's Motion for Judgment of Acquittal (ECF No. 566)**

Defendant argues insufficient evidence supported the jury's verdict of guilty on Second Degree Murder. "A claim of insufficient evidence fails if after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010) (internal quotation and citation omitted). This process involves two steps: (1) viewing the evidence produced at trial in the light most favorable to the prosecution; and (2) considering whether the evidence as so construed is sufficient to allow any rational juror to find

**ORDER DENYING POST-TRIAL MOTIONS ~ 1**

that the prosecution carried its burden of proof. *Id.*

The Court in response to the Defendant's Motion for a Directed Verdict during the trial, summarized some of the evidence that would support a jury verdict of guilty. Post trial, in the Government's brief on this motion, the Government summarizes other evidence that supports the jury verdict (ECF No. 583). Defendant's argument for a Judgment of Acquittal is very similar to the argument to the jury. It does not take into account the inferences that must be made in favor of the verdict and interprets that evidence in a light most favorable to the defense. The Court cannot do that. It finds that substantial evidence supports the verdict.

### 2. Defendant's Motion for New Trial Based on Newly Discovered Evidence (ECF No. 569)

Defendant argues that a new trial is necessary to permit the jury to consider newly discovered evidence, namely the testimony of Samuel Brooks, an individual who submitted a sworn statement to Colville Tribal Police in March of 2006, claiming that he observed and overheard August Jolly around the time of the murder under incriminating circumstances. Although a material witness warrant was issued, Mr. Brooks was never located to testify at Defendant's trial. Mr. Brooks has now been located and indicates that he does not have an independent recollection of the events, but confirms that he wrote the statement on March 29, 2006. It is Defendant's intention to call Mr. Brooks as a witness in the new trial and have his statement be admitted as a recorded recollection.

To qualify for a new trial based on newly discovered evidence, Defendant must show: "(1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial." *United States v. Berry*, 624 F.3d 1031, 1042 (9th Cir. 2010). Under Ninth Circuit law, newly available evidence does not constitute newly discovered evidence. *United States v.*

**ORDER DENYING POST-TRIAL MOTIONS ~ 2**

*Diggs*, 649 F.2d 731 (9th Cir. 1981) *overruled on other grounds*, *United States v. McConney*, 728 F.2d 1195 (9th Cir. 1984). This rule is generally applied to situations where a defendant who has chosen not to testify comes forward to offer testimony exculpating a co-defendant. *Id.* However, the reasoning behind the rule makes it applicable to this case. As the Ninth Circuit explained, "a court must exercise great caution in considering evidence to be 'newly discovered' when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify." *United States v. Lockett*, 919 F.2d 585, 592 (9th Cir. 1990) (citations omitted).

Defendant concedes that Brook's statement is not newly discovered, nor could he as it is undisputed that he received the statement in discovery. Instead, he argues that he was not able to use Brooks' statement to impeach Mr. Jolly until he was able to secure Brooks' testimony for trial. Mr. Jolly was arrested on a material witness warrant issued by the Court at the Defendant's request and was available to be called as a witness. Defendant assumes that Mr. Jolly, if called as a witness, would deny the events observed in the statement, a fact that is not in the record. He also assumes that he could not ask Jolly about the observations and statements allegedly heard by Brooks without Brooks' presence as a witness. This contention is also questionable and seems to be more motivated by Defendant's trial strategy concerning the decision to call Jolly as a witness rather than the absence of Brooks. Regardless, this argument does not change the rule of the law, that is, where a witness's statement has existed all along and the witness was merely unavailable, the evidence is not newly discovered.

In addition, there is no evidence of any effort of Defendant to further seek to obtain the alleged new evidence prior to trial. We do not know if Jolly or Brooks were ever interviewed by the Defense prior to trial, or whether the Defense ever tried to locate the other witnesses to the events allegedly observed by Brooks to obtain the evidence by other means.

**ORDER DENYING POST-TRIAL MOTIONS ~ 3**

For all of these reasons, the Court denies Defendant's Motion for New Trial Based on Newly Discovered Evidence.

Even if the Court were to consider Brooks' statement as newly discovered, it is necessary for the Court to inquire whether the statement would be admissible under the rules of evidence to determine whether the statement would indicate that Defendant would probably be acquitted at a new trial.

Under Fed. R. Evid. 803(5), a recorded recollection is admissible concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable the witness to testify fully and accurately. It must be shown that the statement had been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. Based on Brooks' confirmation of his signature, the Court assumes that the statement would be admissible as a recorded recollection. However, the recorded recollection must also be admissible under some other rule of evidence.

Brooks' statements contain double hearsay. Specifically, he relates how August Jolly and another individual were making sick jokes about the victim, and discussed destroying shoes and clothing to prevent prosecution. Under Fed. R. Evid. 804(b)(3), these statements may be admissible if the declarant testifies as to a lack of memory of the subject matter and the statement is against interest. Whether a statement is sufficiently against a declarant's interest to qualify for the Rule 804(b)(3) exception turns on whether "a reasonable person in the declarant's position would not have made the statement unless believing it to be true." *Williamson v. United States*, 512 U.S. 594, 603-04 (1994). To qualify as a Rule 804(b)(3) hearsay exception, "the declarant's statements must, in a real and tangible way, subject him to criminal liability." *United States v. Hoyos*, 573 F.2d 1111, 1115 (9th Cir. 1978). If the statement exposes the declarant to criminal liability and is offered to exculpate the defendant, it must be corroborated by circumstances indicating its trustworthiness. Fed. R. Evid. 804(b)(3).

**ORDER DENYING POST-TRIAL MOTIONS ~ 4**

The statements attributed to Mr. Jolly and an unidentified "person of interest"contained within Brooks' statement are not sufficiently against penal interests to qualify for the exception.  A close look at Brooks' statement reveals that he never attributes any specific statement to Mr. Jolly or the unidentified person of interest.  Brooks used the pronoun "they" and always referred to both of the individuals when referencing statements made by them.  In addition, in Brooks' statement, he states that Mr. Jolly kept saying his life was fucked up.  This statement is not against penal interest and would not be admissible under the exception.  To the extent that the statement may be against penal interest, on the record before the Court, the Court finds that the statements attributed to August Jolly are not corroborated by circumstances indicating  trustworthiness and are therefore not admissible for the truth of the matter asserted.

If the Court had found that Brooks' statement was newly discovered, the Court would still need to determine whether the admissible portions of the statement indicate Defendant would probably be acquitted in a new trial.  The admissible portions of the statement would be that on March 20, 2006,  Defendant observed August Jolly, who was crying to himself.  Mr. Jolly had a scratch on his face, he was confused, his fly was unzipped, he had blood on his pants and his knuckles were swollen.  He appeared dazed and was unresponsive to Brooks' questions.  These statements were presented to the jury but with a limiting instruction.

The Court finds that if the jury were to consider this information without the limiting instruction  in determining Defendant's guilt or innocence, the outcome would have been the same.  There was significant circumstantial evidence of Defendant's guilt. Mr. Jolly's  DNA sample did not match any of the DNA recovered from the crime scene and there was no other evidence at the crime scene that implicated Mr. Jolly. To the contrary, Defendant's DNA, the victim's DNA, and Defendant's clothing were associated with the Defendant at the crime scene.

**ORDER DENYING POST-TRIAL MOTIONS ~ 5**

As such, the Court on alternate grounds denies Defendant's Motion for New Trial Based on Newly Discovered Evidence.

**3.    Defendant's Motion to Dismiss with Prejudice for Constructive Amendment or Prejudicial Variance of Proof at Trial**

Defendant maintains that at trial the Government changed its proof upon which the grand jury indicted Defendant. Specifically, Defendant argues that the evidence adduced at trial materially differed from the evidence presented to the grand jury as to when the victim died. Defendant raised this argument pre-trial and argued it again at trial. The Court rejected these arguments both times on the record.

The case, without Defendant's confession, was based on circumstantial evidence. That evidence indicated that the victim was killed sometime between the morning of March 18, 2006, and the afternoon of March 20, 2006, when her body was found. The Grand Jury Indictment stated that the death occurred 'on or about' March 20, 2006. It is undisputed that Defendant knew that the circumstantial evidence established that the date of death was between the 18th and the 20th since the beginning of the case. In the early motions to suppress the confession, long before the trial, the evidence adduced established the approximate 48 to 60 hour death interval. Defendant was on notice of the range of death interval. Defense counsel was repeatedly asked by the Court before the trial how the defense was prejudiced by the evidence of the range of death interval in light of the 'on or about' language of the Indictment. The response from Counsel for Defendant, for the most part, was that the Grand Jury would not have indicted Defendant for any other date than the 20th and the Notice of Alibi must restrict the Government to the 20th. The Court found no prejudice was shown by Defendant and did not dismiss the Indictment or find that there was a prejudicial variance. The Court considered the trial evidence and adheres to its earlier ruling and denies the Motion to Dismiss based on the alleged variance.

**ORDER DENYING POST-TRIAL MOTIONS ~ 6**

### 4. Defendant's Motion for New Trial on "Other Grounds"

Defendant asserts five additional grounds for a new trial: (1) prejudicial limitation of the defense; (2) admission of clothing from the bag; (3) prejudicial admission of Defendant's photograph; (4) the Government's closing arguments; and (5) cumulative error.

The first three issues were addressed during the trial and the basis for the Court's rulings are evident in the record. The Court also summarized its reasons for its rulings on the record at the hearing on April 20, 2011 but will briefly set forth the basis for the rulings again.

#### 1. Prejudicial limitation of the defense

At the beginning of the trial, Defendant put the Court and the Government on notice that it would be attacking the credibility of the investigation. Included in that attack would be questions concerning why the FBI stopped pursuing certain investigative leads. The obvious answer was that the Defendant had confessed and that his confession matched the evidence from the crime scene including details that might only be known to the killer. The Court had previously suppressed the confession and it was clear that it should not be admitted at trial. The Court realized before opening statements that any attack on the investigation after the confession was obtained might be legitimately explained by the confession. Accordingly, it advised Counsel that such a possibility existed and that any questions concerning the reason that the investigators did or did not do something after the date of the confession might open the door to the confession explaining the answer. (ECF No. 539, p.29). The Court did not prohibit such questions and it was never given any offer of proof by the defense upon which it could rule on the propriety of the use of the confession in a response. No such offer of proof of evidence that the Defendant would have presented has been given in the post-trial motions as well. Accordingly, the Court is left to speculate as to what questions would have been asked about the investigation after the confession. It appears to

**ORDER DENYING POST-TRIAL MOTIONS ~ 7**

the Court that the Defendant made a strategic decision to not ask such questions or make an offer of proof outside the presence of the jury. As such, the Court does not find that any error occurred on this subject.

### 2.  Admission of clothing from the bag

The Court found that the evidence presented in support of the admission of these exhibits was sufficient to permit the jury to determine that the items were what the witnesses purported them to be. Under Evidence Rule 901, this foundation is enough. Defendant's other arguments concerning the evidence go to the weight the jury should have given the evidence and do not support its exclusion.

### 3.  Prejudicial admission of Defendant's photograph

The photograph was taken of Defendant around the time of the offense and it was not evident that it was a mug shot. The only prejudice raised by Defendant in this motion is that he was shown wearing a tank top. At the crime scene a tank top was found in a bag that included clothing identified with Defendant. The photograph was admissible as showing Defendant at the time of the offense as well as showing that he wore tank tops. The photograph was relevant and there was no unfair prejudice resulting from its admission.

### 4.  The Government's closing arguments

Defendant takes issue with the Government's counsel's closing rebuttal where she stated:

> This belt that there was a huge fuss about whether or not we could introduce into evidence because the defendant didn't want it to come into evidence–because the evidence shows that this is the belt he was wearing when he left his house, before he went to the victim's house.

There was no objection to this argument and it is reviewed for plain error. If this statement was improper, such impropriety would require reversal only "if it appears more probable than not that the alleged misconduct affected the jury's verdict," taking into account the strength of the Government's case. *United States v Nobari*, 574 F.3d 1065, 1082 (9th Cir. 2009) (internal quotations omitted). This

**ORDER DENYING POST-TRIAL MOTIONS ~ 8**

single, isolated reference to Defendant's evidentiary objection did not affect the jury's verdict in light of the weight of the evidence supporting the jury's verdict.

### 5. Cumulative Error

Based on the above-rulings, the Court rejects Defendant's argument that cumulative error warrants a new trial and denies his Motion for New Trial on "Other Grounds."

Accordingly, for the reasons stated in this Order and the Court's oral rulings at the April 20, 2011 hearing and in other parts of the trial record, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Judgment of Acquittal (ECF No. 566) is **DENIED**.

2. Defendant's Motion for New Trial Based on Newly Discovered Evidence (ECF No. 569) is **DENIED**.

3. Defendant's Motion to Dismiss Case for Constructive Amendment or Prejudicial Variance of Proof at Trial (ECF No. 572) is **DENIED**.

4. Defendant's Motion for New Trial on "Other Grounds" (ECF No. 575) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 21st day of April, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2009\Seideman\posttrial1.wpd

**ORDER DENYING POST-TRIAL MOTIONS ~ 9**